# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Marissa Cortez-Martinez** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number:  **2:12CR01604-001JB**<br>USM Number: **34824-177**<br>Defense Attorney: **Darcy Blue Riley, Appointed** |

THE DEFENDANT:

☒   admitted guilt to violations of condition(s)  **MC, Special**   of the term of supervision.
☐   was found in violation of condition(s)     after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Mandatory Condition - The defendant unlawfully possessed a controlled substance. | 06/05/2012 |

The defendant is sentenced as provided in pages 1 through **7** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **4260**<br>Last Four Digits of Defendant's Soc. Sec. No. | **August 13, 2012**<br>Date of Imposition of Judgment |
| **1968**<br>Defendant's Year of Birth | **/s/ James O. Browning**<br>Signature of Judge |
| **Las Cruces, NM**<br>City and State of Defendant's Residence | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **August 27, 2012**<br>Date Signed |

AO 245D (Rev. 12/10) Sheet 1 Judgment in a Criminal Case for Revocations Sheet 1A                                                                    Judgment Page 2 of 7

Defendant: **Marissa Cortez-Martinez**
Case Number: **2:12CR01604-001JB**

## ADDITIONAL VIOLATIONS

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| 2 | Special Condition- The defendant failed to refrain from the use and possession of alcohol and other forms of intoxicants. | 06/13/2012 |

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations
Sheet 2 Imprisonment

Judgment Page 3 of 7

Defendant: **Marissa Cortez-Martinez**
Case Number: **2:12CR01604-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **2 months**.

**On July 9, 2008, the Honorable Phillip R. Martinez, United States District Judge for the Western District of Texas, sentenced Defendant Marissa Cortez-Martinez to a sentence of 60 months based on her pleading guilty to four counts, including: (i) 21 U.S.C. §§ 952 and 960, that being importation of a controlled substance, to wit, less than 500 grams of cocaine; (ii) 21 U.S.C. § 841, that being possession with intent to distribute a controlled substance, to wit, less than 500 grams of cocaine; (iii) 21 U.S.C. §§ 952 and 960, that being importation of a controlled substance, to wit, marijuana; and (iv) 21 U.S.C. § 841, possession with intent to distribute a controlled substance, to wit, marijuana. See Amended Judgment in a Criminal Case at 6 (dated August 4, 2008), filed July 2, 2012 (Doc. 1)("Judgment"). Judge Martinez imposed a term of 5-years supervised release. See Judgment at 6. One of the mandatory conditions of supervised release with which Cortez-Martinez had to comply was as follows: "The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court." Judgment at 9. One of the special conditions of supervised release was as follows: "The defendant shall abstain from the use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician." Judgment at 9.**

**On June 26, 2012, the Western District of Texas transferred jurisdiction over Cortez-Martinez` supervised release to the District of New Mexico. See Transfer of Jurisdiction at 1 (dated June 26, 2012), filed July 2, 2012 (Doc. 1). On July 3, 2012, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release on the basis that Cortez-Martinez had violated the above conditions. See Doc. 2, at 1-2 ("Petition"). It asserted that Cortez-Martinez had violated the mandatory condition by submitting a urine drug sample that tested positive for cocaine. See Petition at 1. The USPO noted that Cortez-Martinez later "admitted to using cocaine and signed the admission report acknowledging the use of cocaine." Petition at 1. The USPO contends that Cortez-Martinez violated the special condition based on the following facts: (i) admitting to "consuming one to two beers every other day"; and (ii) submitting urine drug samples that tested positive for alcohol. Petition at 2.**

**At the revocation hearing on August 13, 2012, Cortez-Martinez admitted to both violations. The parties also agreed that the Court should revoke Cortez-Martinez` term of supervised release, given that revocation is mandatory for a violation of this mandatory condition. See 18 U.S.C. § 3583(g)(1) (stating that revocation is mandatory when a person on supervised release "possesses a controlled substance in violation of the condition set forth in subsection (d)"). Cortez-Martinez asked that the Court vary downward to a sentence of one-and-a-half-months imprisonment. Plaintiff United States of America recommended a sentence at the low end of the applicable guideline range. Because Cortez-Martinez has violated a term of her supervised release, her violation is a Grade C violation pursuant to U.S.S.G. § 7B1.1(a)(3). Pursuant to application note 1 to U.S.S.G. § 7B1.4, Cortez-Martinez` criminal history category is the criminal history category that she had at the time of her original sentence to a term of supervision, which is a criminal history category of II. A Grade C violation and a criminal history category of II yields a guideline imprisonment range of 4 to 10 months.**

**The Court finds that Cortez-Martinez violated the conditions of supervision by failing to submit urine samples as required and unlawfully using an illegal substance. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Cortez-Martinez` violations. The Court concludes that a sentence of 2 months is sufficient to reflect the seriousness of the violations. There are some mitigating factors in this case that counsel in favor of a downward variance. Cortez-Martinez has had some difficultly transitioning from incarceration back to life in the outside world. She has a variety of drug problems that she needs to address. These drug problems have been with her a long time, and she has abused crack cocaine, methamphetamine, and heroin throughout most of her adult life. She acknowledges that spending some time in a halfway house would likely help her make this transition more smoothly. Placing her in a halfway house will allow her to attend outpatient treatment program for her drug problems. Additionally, a sentence of two months will provide enough time to get Cortez-Martinez into a halfway house, which is a better place for her to be to address her drug problems than federal prison. Also, the Court is always concerned that sentencing a defendant to time served when the defendant sees the sentencing judge for the first time often sends the wrong message. It is better for the defendant to learn that consequences attach**

to their conduct rather than to have them just go free and ignore what the Court has said or done. A sentence of greater than 2 months would not more fully reflect the factors in 18 U.S.C. § 3553(a). The Court believes addressing her drug problems is the most important goal of supervised release.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This sentence adequately reflects the seriousness of the violation, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). On the scale of violations, which include committing additional offenses while on supervised release, these violations are some of the least serious a defendant can commit. Given that she is receiving a term of incarceration when some defendants might not receive any incarceration for similar violations, the Court believes the sentence reflects the seriousness of the violations and promotes respect for the law. This sentence is more than a time-served sentence, so the Court finds that the sentence will communicate to Cortez-Martinez the seriousness of her conduct. Because Cortez-Martinez will receive some incarceration and then will transition into more substantial drug treatment, the Court believes the sentence provides just punishment and affords adequate deterrence, both specifically to Cortez-Martinez and to the public generally. Cortez-Martinez` criminal history is also only at a level II, which is comparatively low to the criminal history category of many defendants that the Court sees. The Court believes that this sentence will protect the public in light of her relatively minor criminal history and the need to address her drug problems. Given Cortez-Martinez` low criminal history and willingness to address her drug problems, the Court believes this sentence reflects her individual circumstances and does not promote unwarranted sentencing disparities among similarly situated defendants. The Court believes it is most important to impose conditions that will provide her with some education, training, and care to help her overcome her drug problems. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Cortez-Martinez to 2-months imprisonment.

☐ The court makes these recommendations to the Bureau of Prisons:


☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at  on
  ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:




Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations
Sheet 3 Supervised Release
Judgment Page 6 of 7

Defendant: **Marissa Cortez-Martinez**
Case Number: **2:12CR01604-001JB**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **4 years** .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not unlawfully possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance.
The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable).
- ☒ The defendant shall cooperate in the collection of DNA as directed by statute. (Check, if applicable).
- ☐ The defendant shall register with the state, local, tribal and/or other appropriate sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution, it is to be a condition of supervised release that the defendant pay in accordance with Criminal Monetary Penalties sheet of this judgment.
The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

### STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

Defendant: **Marissa Cortez-Martinez**
Case Number: **2:12CR01604-001JB**

## SPECIAL CONDITIONS OF SUPERVISION

**The defendant must participate in and successfully complete an outpatient substance abuse treatment program, approved by the probation officer, which may include testing. The defendant is prohibited from obstructing or attempting to obstruct or tamper, in any fashion, with the collection, efficiency and accuracy of any substance abuse testing device or procedure. The defendant may be required to pay a portion of the cost of treatment and/or drug testing to be determined by the Probation Office.**

**The defendant must submit to a search of her person, property, or automobile under her control to be conducted in a reasonable manner and at a reasonable time, for the purpose of detecting illegal substances and/or drug paraphernalia at the direction of the probation officer. She must inform any residents that the premises may be subject to a search.**

**The defendant must refrain from the use and possession of alcohol and other forms of intoxicants.**

**The defendant must participate in and successfully complete an outpatient mental health treatment program approved by the probation officer. The defendant may be required to pay a portion of the cost of this treatment to be determined by the Probation Office.**

**The Defendant shall reside at and complete a program at a Residential Re-Entry Center approved by the probation officer for a period of 4 months.**